1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                                  OAKLAND DIVISION

9

10   HAUNA MOORE,                              Case No:  C 12-05708 SBA

11              Plaintiff,                     **ORDER GRANTING DEFENDANT
                                               COMCAST SPORTSNET**
12        vs.                                  **CALIFORNIA LLC'S MOTION TO
                                               DISMISS PLAINTIFF'S EIGHTH**
13   COMCAST SPORTSNET, SPORTS ARENA           **AND TENTH CAUSES OF ACTION**
     MANAGEMENT & MAINTENANCE
14   COMPANY, LOCAL 119, THE BAY AREA          Dkt. 11
     FREELANCER'S ASSOCIATION, DAVID
15   KOPPETT, an individual, DAN
     NICHOLSON, an individual, MARK
16   EHRLICH, an individual, RICH SHAPIRO,
     an individual, DOES 1 through 50,
17
                Defendants.
18

19        Plaintiff Hauna Moore brings the instant employment discrimination action against

20   various Defendants, including Comcast Sportsnet California LLC ("Comcast"), erroneously

21   sued as Comcast Sportsnet. The parties are presently before the Court on Comcast's Motion

22   to Dismiss the eighth and tenth causes of action, pursuant to Federal Rule of Civil

23   Procedure 12(b)(6).  Dkt. 11.  Having read and considered the papers filed in connection

24   with this matter and being fully informed, the Court hereby GRANTS the motion for the

25   reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution

26   without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

27

28

## I.      BACKGROUND

In 2001, Plaintiff began working for Sports Arena Management & Maintenance Company ("SAMMCO").  Compl. ¶ 12.  Her job duties included working on "cameras and videos" in connection with television broadcasts of San Jose Sharks games produced by Comcast.  Id. ¶¶ 12, 13.  Plaintiff alleges that from July 2010 through September 3, 2010, she was subjected to discriminatory treatment on account of her sex.  Id. ¶ 16.  In particular, Plaintiff alleges that on September 3, 2010, she was notified by Comcast that the Sharks organization had accused her of engaging in inappropriate conduct with team members.  Id. ¶ 17.  Thereafter, Plaintiff was advised that she would no longer be assigned to work on Sharks game broadcasts produced by Comcast.  Id. ¶ 18.

On May 2, 2012, Plaintiff filed the instant action against SAMMCO, Comcast and various other Defendants in San Francisco County Superior Court.  The Complaint alleges twelve causes of action under California state law, primarily under the California Fair Employment and Housing Act.[1]  On November 6, 2012, Comcast removed the action under 28 U.S.C. §§ 1441 and 1331 on the ground that certain of Plaintiff's claims arise under the Labor Management Relations Act, 28 U.S.C. § 185.

Comcast, the only party that appears to have been served with summons and the complaint, now moves to dismiss Plaintiff's eighth cause of action for negligence infliction of emotional distress ("NIED") and tenth cause of action for respondeat superior.  Plaintiff filed an untimely opposition on December 19, 2012, and Comcast filed its reply on December 26, 2012.  The matter is fully briefed and ripe for adjudication.

---

[1] The Complaint alleges the following causes of action:  (1) violation of California Government Code section 12940(a) (discrimination); (2) violation of Government Code section 12940(h) (retaliation); (3) violation of Government Code section 12940(i) (aiding and abetting); (4) violation of Government Code section 12940(k); (5) violation of Government Code section 12950; (6) breach of written contract; (7) breach of the implied covenant of good faith and fair dealing; (8) negligent infliction of emotional distress; (9) wrongful termination in violation of public policy; (10) respondent superior; (11) intentional interference with prospective economic relations; and (12) negligent interference with prospective economic relations.

## II.    LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.  Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III.    DISCUSSION

Comcast contends that Plaintiff's causes of action for NIED and respondeat superior are legally infirm and should be dismissed.  The Court agrees.  An NIED claim is in actuality a claim of negligence.  McMahon v. Craig, 176 Cal.App.4th 222, 1509 (2009).  Here, Plaintiff's NIED claim is based on Comcast and SAMMCO's decision "to remove her from her San Jose Sharks broadcasts."  Compl. ¶ 76.  The decision to discharge an employee is an inherently intentional act, and as such, that decision cannot support a cause of action for negligence.  Semore v. Pool, 217 Cal.App.3d 1087, 1105 (1990) (employer's supervisory conduct is "inherently intentional" and therefore not subject to suit for negligence).  The cases cited by Plaintiff in her opposition pertain to *intentional* infliction of emotional distress and therefore are entirely inapposite.

Plaintiff's cause of action for respondeat superior fares no better.  "Respondeat superior is not an independent cause of action; rather, it is a theory of liability."  Fidelity Nat. Title Ins. Co. v. Castle, No. C 11-00896 SI, 2011 WL 6141310 at *15 (N.D. Cal. Dec. 8, 2011) (dismissing respondeat superior cause of action without leave to amend).  Since

Plaintiff's cause of action for respondeat superior does not present a cognizable claim, it is subject to dismissal.  Id.

## IV.    **<u>CONCLUSION</u>**

For the reasons set forth above, the Court finds that Plaintiff cannot state legally cognizable claims for NIED or respondeat superior.  Because no amendment can cure said deficiencies, the Court dismisses both claims without leave to amend.[2]  Accordingly,

IT IS HEREBY ORDERED THAT:

1.      Defendant Comcast's Motion to Dismiss is GRANTED.  Plaintiff's eighth and tenth causes of action for NIED and respondeat superior, respectively, are DISMISSED without leave to amend.  The motion hearing scheduled for February 5, 2013 is VACATED.

2.      Because not all Defendants have been served, the telephonic Case Management Conference currently scheduled for February 6, 2013 is CONTINUED to <u>April 10, 2013 at 3:00 p.m.</u>[3]  Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement which complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court.  Plaintiff shall assume responsibility for filing the joint statement no less than seven (7) days prior to the conference date.  Plaintiff's counsel is to set up the conference call with all the parties on the line and call chambers at (510) 637-

---

[2] The infirmity of these causes of action should have been readily apparent to Plaintiff following his review of Comcast's detailed meet and confer letter of November 27, 2012. Dkt. 11-1.  Plaintiff is reminded of his obligation under Federal Rule of Civil Procedure 11 that all claims must have a foundation in both law and fact.

[3] Federal Rule of Civil Procedure 4(m) requires that service of process be effectuated on all defendants within 120 days after the filing of the complaint.  In a removed case, the 120-day period begins to run from the date of removal.  <u>See</u> 28 U.S.C. § 1448.  Since Comcast removed the action on November 6, 2012, any Defendant who is not served by March 6, 2013, is subject to dismissal under Rule 4(m).

3559.  NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

3.      Plaintiff shall serve a copy of this Order and the Court's Case Management Scheduling Order for Reassigned Civil Cases (Dkt. 12) on all parties (other than Defendant Comcast) served with summons and complaint in this action.

4.      This Order terminates Docket 11.

IT IS SO ORDERED.

Dated:  January 31, 2013

SAUNDRA BROWN ARMSTRONG
United States District Judge